

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00147-CR

DEBRAH ELIZABETH EAST, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 24,958-2022

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Debrah Elizabeth East pled guilty to possession of less than one gram of methamphetamine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.). Pursuant to her plea bargain with the State, the trial court placed East on deferred adjudication community supervision for three years. Within that time, the State alleged that East violated the terms and conditions of her community supervision by using controlled substances and by failing to complete her community supervision restitution as ordered. After an evidentiary hearing, the trial court found the State's allegations true, adjudicated East's guilt, and sentenced her to nine months' confinement in State jail. East appeals.

East's attorney has filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 20, 2026, counsel mailed to East copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only East's signature. East was

informed of her rights to review the record and file a pro se response. On January 20, we informed East that her pro se motion for access to the appellate record was due on or before February 5. By letter dated February 24, this Court informed East that the case would be set for submission on March 17, and that her pro se response was due on or before that date. We received neither a pro se response from East nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]


Charles van Cleef
Justice

Date Submitted:    March 17, 2026
Date Decided:     April 17, 2026

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.